IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL A. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-399-R |
| | ) | |
| WILLIAM MONDAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Michael A. Campbell, proceeding *pro se*[1] and *in forma pauperis*, initiated this civil rights action under 42 U.S.C. § 1983 alleging that the Oklahoma County Criminal Justice Authority, Turn Key Health, and several employees of these entities violated his constitutional rights while he was incarcerated as a pretrial detainee at the Oklahoma County Detention Center.

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin issued a Report and Recommendation [Doc. No. 64] recommending that several claims in Plaintiff's Amended Complaint [Doc. No. 1] be dismissed upon screening for failure to state a claim. Plaintiff has not raised a specific objection to Judge Erwin's recommendation that these particular claims be dismissed. Plaintiff has therefore waived further review of

---

[1] Because Plaintiff is proceeding *pro se*, the Court affords his materials a liberal construction but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

these issues and this portion of the Report is adopted. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Judge Erwin's Report and Recommendation also recommends that the Motion to Dismiss [Doc. No. 40] filed by Defendants Turn Key Health, Mark Winchester, Amanda Jackson, and Othello Capehart[2] be granted in part and denied in part. Plaintiff and Defendants each filed a timely Objection to this recommendation [Doc. Nos. 65 and 67] and the Court must therefore make a de novo determination of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). In their motion to dismiss, Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of Plaintiff's (1) individual capacity claims against Defendants Winchester, Jackson, and Capehart; (2) the municipal liability claim against Turn Key Health, and (3) the state law negligence claim.[3] Each of these claims is addressed in turn.

### A. Individual Capacity Claims against Defendants Winchester, Jackson, and Capehart

Plaintiff's claims arise from Defendants' alleged failure to provide adequate medical care for his degenerative bone disease and pain in his hip while he was a pretrial

---

[2] The Motion to Dismiss also states that it has been filed on behalf of Becky Pata. Judge Erwin recommends that the Court decline to consider Ms. Pata as a defendant because she was not named as a defendant in the Amended Complaint. The Court agrees that Ms. Pata has not been named as a defendant in this action.

[3] Plaintiff's Amended Complaint [Doc. No. 25] also asserts individual and official capacity claims against Defendants Monday and Williams and claims against the OCCJA. These Defendants have filed two motions to dismiss [Doc. Nos. 60, 61], which have been referred to Judge Erwin and will be addressed in a separate order.

detainee. Plaintiff asserts that Defendants Winchester, Jackson and Capehart – employees of Turn Key that work at the jail – were deliberately indifferent to his serious medical needs in violation of the Fourteenth Amendment.[4]

The Due Process Clause of the Fourteenth Amendment affords a pretrial detainee protection against a prison official's deliberate indifference to a serious medical need. *Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1136 (10th Cir. 2023) The deliberate indifference standard "contains both an objective and subjective component." *Id.* The objective component is satisfied "if the deprivation is sufficiently serious—that is, if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (quotation marks and citation omitted).

Like Judge Erwin, the Court concludes that Plaintiff's allegations are sufficient to satisfy the objection component of the deliberate indifference standard. The Amended Complaint alleges that Defendant Winchester determined that Plaintiff had severe degenerative disease in his hip joint and needed a hip joint replacement, and was aware

---

[4] In determining whether Plaintiff has stated a claim, the Court looks to the allegations in the Amended Complaint and does not consider additional factual allegations asserted in the parties' briefing. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (explaining that "the usual rule" is "that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss"); *Scott v. Hormel,* No. CIV-18-395-SLP, 2019 WL 3935101, at *2 (W.D. Okla. Aug. 20, 2019) ("To the extent Plaintiff includes new factual allegations in his Objection, the new allegations are not determinative of whether Plaintiff adequately stated claims in his Complaint.").

that Plaintiff was experiencing significant pain. Doc. No. 25 at 7, 15, 18. The Amended Complaint also alleges that Defendants Jackson and Capehart recognized that Plaintiff was experiencing serious pain or other symptoms that required further medical treatment. *Id*. at 10, 12, 19. Defendants suggest these allegations fail to establish an objectively serious medical need because Plaintiff did not have a hip surgery scheduled prior to his incarceration. However, that is beside the point. The Amended Complaint alleges that Plaintiff was diagnosed by Defendant Winchester with a condition that required further treatment and the delay or inadequacy of the treatment caused him excruciating pain. At this stage, that is sufficient to satisfy the objective component of the deliberate indifference standard. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001) ("We have held that the substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain.").

As for the subjective component of the deliberate indifference standard, the Tenth Circuit has recently described it as follows:

> The standard for the subjective component is that the official knows of and disregards an excessive risk to inmate health or safety. The official must be aware of the facts from which the inference of a substantial risk of serious harm could be drawn and also draw that inference. A plaintiff need not show that a prison official acted or failed to act believing that harm actually would befall an inmate, but rather that the official merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist. Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence such as whether the risk was obvious. An official disregards risk when he fails to take reasonable measures to abate the risk. For medical professionals, exercising medical judgment and not ordering diagnostic testing such as an X-ray represents at most medical malpractice. A claim that a course of treatment was inadequate after the exercise of

4

medical judgment, absent an extraordinary degree of neglect, also does not rise to disregard of serious medical need.

*Lucas*, 58 F.4th at 1137 (internal quotation marks and citations omitted). With the exception of Plaintiff's claim against Defendant Winchester for failing to prescribe certain medication, Judge Erwin concluded that Plaintiff's allegations against the individual Defendants satisfy the subjective component of the deliberate indifference standard. Upon de novo review, the Court largely agrees with Judge Erwin's analysis, but additionally finds that Plaintiff has stated a plausible claim against Defendant Winchester for failing to provide proper pain management.

### 1. Defendant Winchester

Defendant Winchester, a physician employed by Turn Key, allegedly acted with deliberate indifference by failing to schedule a hip surgery for Plaintiff and failing to properly treat Plaintiff's hip pain. More specifically, the Amended Complaint alleges that Dr. Winchester independently determined that Plaintiff needed a hip surgery but made no attempt to schedule the surgery or assist in scheduling the surgery. Doc. No. 25 at 15. The Amended Complaint further alleges that Dr. Winchester refused to provide Plaintiff with anything to treat his excruciating pain other than an aspirin (or its equivalent) even though he knew this medication was inadequate. *Id.* at 7-8.

These allegations plausibly show that Dr. Winchester actually knew of a substantial risk to Plaintiff's health – specifically, his need for a hip surgery and his need for a higher degree of pain management – and disregarded that risk by failing to take any action to schedule the surgery and failing to provide the needed pain medications. Contrary to

5

Defendants' arguments, these allegations show more than a mere disagreement with the course of treatment and are not akin to a prison physician simply exercising his independent judgment to prescribe a substitute medication. Rather, taken as true and construed in Plaintiff's favor, the allegations show that Dr. Winchester recognized Plaintiff's need for a certain course of treatment but did not provide it. Additionally, although there are some allegations that Dr. Winchester said facility policies limited the pain medications that could be offered to prisoners, Plaintiff has also alleged that Dr. Winchester was not being truthful when he made this statement and Plaintiff has provided some factual allegations to support this assertion. Doc. No. 25 at 7, 22, 25

The Court therefore finds that Plaintiff has alleged facts showing that Dr. Winchester knew about and disregard a substantial risk to Plaintiff's health with respect to both the refusal to schedule the surgery and the refusal to provide more potent pain medication. Of course, "[t]his is not to say that [plaintiff] will prevail on his claim once the Defendants are given an opportunity to clarify and explain their actions in regard to [Plaintiff's] medical treatment." *Oxendine v. Kaplan*, 241 F.3d 1272, 1279 (10th Cir. 2001). At this stage, the Court simply concludes that Plaintiff has alleged sufficient facts "such that it would be improper to dismiss the complaint pursuant to Rule 12(b)(6)." *Id.*

### 2. Defendant Jackson

As to Defendant Jackson, the Amended Complaint alleges that she examined Plaintiff and determined that he needed to be seen by a doctor. However, neither Defendant Jackson nor a doctor returned to provide treatment. Doc. No. 25 at 9, 12, 19. Like Judge Erwin, the Court concludes that these allegations are sufficient to state a claim for

6

deliberate indifference under the gatekeeper theory, which permits liability where an official "prevents an inmate from receiving treatment or denies access to someone capable of evaluating the inmate's need for treatment." *Lucas*, 58 F.4th at 1137. Liberally construed, Plaintiff has sufficiently alleged that Defendant Jackson recognized Plaintiff's need for further evaluation or treatment and failed to fulfill her gatekeeper role, which caused him to experience significant pain.

### 3. Defendant Capehart

According to the Amended Complaint, Defendant Capehart delivered Plaintiff's medication to his cell several hours late and, when Plaintiff was in too much pain to get out of his bed, laughed and then walked away without giving him his medication. Doc. No. 25 at 9-10. Defendants contend these allegations are insufficient to establish deliberate indifference because it is the detention staff, not the medical staff, that are responsible for entering the inmate's cell to deliver medication. But even assuming that to be true, the alleged facts support an inference that Defendant Capehart knew Plaintiff was not receiving his prescribed medication and walked away without doing anything about it, such as reporting the incident to another staff member. These allegations are sufficient to show that Defendant Capehart acted with deliberate indifference by delaying and then denying Plaintiff his medication.

### B. Claims against Turn Key

The Amended Complaint additionally asserts that the customs and policies of Turn Key caused a violation of Plaintiff's Fourteenth Amendment rights. Turn Key moves for dismissal of this claim, arguing that Plaintiff's allegations are too vague and conclusory to

state a plausible claim for municipal liability under § 1983. Like Judge Erwin, the Court concludes that the claims against Turn Key should be dismissed in part.

To succeed on a § 1983 claim against an entity such as Turn Key,[5] Plaintiff must, in addition to alleging an underlying constitutional violation, allege facts sufficient to show that (1) a government's official policy (2) caused the constitutional injury and (3) the policy was enacted or maintained with the requisite state of mind, i.e. deliberate indifference. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013). In addition to a formal regulation or policy statement, an official policy can include "an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quotation marks omitted).

The Amended Complaint asserts that Plaintiff's equal protection and due process rights were violated by a policy that prevented medical providers from providing certain pain medications. Although Plaintiff asserts that Dr. Winchester told him that Turn Key's policies prevented him from prescribing certain medications, he fails to identify the policy, describe it with any particularity, or allege facts showing that this practice was widespread throughout the facility. Moreover, the Amended Complaint and Plaintiff's Objection state that Dr. Winchester was lying when he told Plaintiff that he could not prescribe certain

---

[5] As noted by Judge Erwin, municipal liability extends to private entities acting under color of state law, such as Turn Key. *See Lucas,* 58 F.4th at 1144. Turn Key does not dispute that it may be held liable under a theory of municipal liability.

medications, suggesting that Plaintiff's alleged constitutional violation was the result of Dr. Winchester's action as opposed to a Turn Key policy. Accordingly, Plaintiff has failed to state a plausible Fourteenth Amendment claim against Turn Key based on the failure to provide certain medications. *See Lucas*, 58 F.4th at 1146 ("Conclusory allegations without facts that refer to a particular person or persons treated differently are insufficient to state a[n equal protection] claim."); *Dalcour v. City of Lakewood*, 492 F. App'x 924, 930 (10th Cir. 2012) ("To survive a motion to dismiss, an official capacity claim must allege sufficient facts to show that a specific policy or custom was the moving force behind the alleged violation.").

    Plaintiff has, however, included sufficient factual allegations to show that a Turn Key policy was the moving force behind the delay and denial of his medication. The Amended Complaint alleges that Defendant Capehart and other nurses routinely distribute evening medications several hours late and, as a matter of policy, do not deliver medications to inmates that cannot come to their cell door. The Amended Complaint also alleges facts showing that these policies and customs caused Plaintiff to experience severe pain. Doc. No. 25 at 10, 12, 25. Further, these allegations support an inference that Turn Key acted with the requisite state of mind because pain and other medical complications are a plainly obvious consequence of delaying or denying medications.

    Turn Key argues that Plaintiff's claim fails because he has not alleged that a specific Turn Key policy, as opposed to a policy implemented by the Oklahoma County Detention Center, was responsible for the alleged constitutional violation. However, affording Plaintiff's allegations a liberal construction and drawing reasonable inferences in his favor,

9

the Amended Complaint adequately alleges that Turn Key is responsible for the alleged policies and customs of delaying/denying medications. Although the evidence may not bear this out, that is not the inquiry at this stage.

### C. Negligence claim

Last, Defendants seek dismissal of Plaintiff's state law negligence claim, contending that they are immune pursuant to the Oklahoma Governmental Tort Claims Act. Relying on the Tenth Circuit's recent decision in *Lucas*, 58 F.4th at 1147, which held that "it was premature" to dismiss Turn Key as immune under the OGTCA at the pleading stage, Judge Erwin concluded that dismissal on the basis of immunity was not appropriate. Defendants do not specifically object to this conclusion and instead argue that Plaintiff failed to adequately plead a negligence claim. There are two problems with this argument.

First, the argument has been waived because Defendants failed to raise it in their motion to dismiss. *See Reyes v. Larimer Cnty.*, 796 F. App'x 497, 499 (10th Cir. 2019) ("[A]rguments and claims raised for the first time in an objection to a magistrate judge's report and recommendation are waived."). Second, the argument is misplaced. Defendants assert that the state law negligence claim fails because Plaintiff has not identified a Turn Key policy that has a causal connection to the alleged harm. But Defendants cite no authority for their belief that the elements of a § 1983 municipal liability claim also apply to a negligence claim brought under state law. In any event, the Court has already concluded that Plaintiff has adequately alleged that a Turn Key policy caused his harm.

# CONCLUSION

After conducting a de novo review, the Court ADOPTS the Report and Recommendation [Doc. No. 64] in part. The following claims are dismissed without prejudice pursuant to the Court's obligation under 28 U.S.C. § 1915A to screen prisoner complaints: (1) Plaintiff's claims for improper denial of medical care under the Oklahoma State Constitution; (2) Claim Two, alleging liability against Turn Key and official and individual capacity liability against Defendants Greg Williams and William Monday, premised on unconstitutional conditions of confinement in violation of the Fourteenth Amendment; (3) Plaintiff's official capacity Fourteenth Amendment claims against Defendants Winchester, Jackson, and Capehart for deliberate indifference to Plaintiff's serious medical needs; (4) Plaintiff's individual capacity Fourteenth Amendment claims against Defendants Winchester, Jackson, and Capehart seeking injunctive relief for deliberate indifference to Plaintiff's serious medical needs; (5) Plaintiff's official capacity Fourteenth Amendment claims for monetary damages against Defendants Williams and Monday for deliberate indifference to Plaintiff's serious medical needs; and (6) Plaintiff's individual capacity Fourteenth Amendment claims for injunctive relief against Defendants Williams and Monday for deliberate indifference to Plaintiff's serious medical needs.

Following de novo review of the issues and arguments raised in Defendants' Motion to Dismiss, the following claims are dismissed without prejudice: (1) Plaintiff's Fourteenth Amendment claims against Turn Key based on the failure to provide a certain type or class of medication and (2) Plaintiff's Fourteenth Amendment Equal Protection claim against Turn Key. The following claims are allowed to proceed: (1) Plaintiff's individual capacity

11

Fourteenth Amendment claims against Defendants Winchester, Jackson and Capehart, limited to the recovery of money damages; (2) Plaintiff's Fourteenth Amendment claim against Turn Key based on the delay/denial of medication; and (3) Plaintiff's state law negligence claim.

IT IS SO ORDERED this 14th day of November, 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE