THE UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF OKLAHOMA

MICHAEL A. CAMPBELL,
    PLAINTIFF,
V.
TURNKEY HEALTH, ET AL.,
    DEFENDANT.

CIV-22-399-R

FILED
JAN 19 2024
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____, DEPUTY

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff motion this Honorable Court to issue an order granting summary judgment in his favor, which is proper when viewing the evidence in the light most favorable to the non-moving party, there is no genuine dispute as to the following material facts mentioned below, and Plaintiff is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a).

## NON-DISPUTABLE MATERIAL FACTS

Based upon the record and the reasoning of the order issued on Nov. 14, 2023, the following are non-disputable material facts:

1). Plaintiff's individual capacity claim against Defendant Mark Winchester, for failing to schedule Plaintiff's surgery;

2). Plaintiff's individual capacity claim against Defendant

1 of 4

Amanda Jackson for deliberate indifference under the 14th Amend. based on the "gatekeeper" theory of liability;

3). Plaintiff's individual capacity claim against Defendant Capehart for deliberate indifference under the 14th Amend. based on the "failure to treat" theory of liability;

4). Plaintiff's 14th Amend. claim against Turn Key based on the delay and the denial of medication.

The Plaintiff is entitled to judgment (concerning the above) as a matter of law. Halley v. Huck, 902 F.3d 1136, 1143 (10th Cir. 2018).

A fact is "material" if it could influence the determination of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986). A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party. Id. "The movant bears the initial burden of 'showing that there is an absence of evidence to support the non-moving party's case.'" Tanner v. San Juan Cnty. Sheriff's Off., 864 F. Supp. 2d 1090, 1106 (D.N.M. 2012) (quoting Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986)).

## A.

Individual capacity claims against Defendants Winchester, Jackson, and Capehart are not only indisputable, but in Document 64, page 18 of 34, Magistrate Judge Shon T. Erwin describes parts of their

arguments as: "outlandish theory," and he was "pressed to find the logic in their arguments."

Furthermore, not only has the defendants violated the Plaintiff's constitutional right to be free from deliberate indifference to his serious medical need; but their arguments are a gross misrepresentation of the facts... And... being so, Magistrate Judge Irwin: "cautioned their counsel to scrupulously avoid such blatant misrepresentations in the future. Fed. R. Civ. P. 11." (Document 64, Page 19, Note 17)

### B.

Claims Against Turn Key's Jail Policies, as stated by defendant Mr. Capehart, Prevented Mr. Capehart from Providing Plaintiff's Medications. (ECF No. 40:15).

This bold confession of Defendant Capehart concerning Turn Key Jail Policies is an indisputable fact sufficient to state a claim for deliberate indifference — i.e. — that Turn Key "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." See Lucas v. Turn Key, 58 F. 4TH @ 1137;

### CONCLUSION

In review all the evidence in the light most favorable to the defendants, there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law.

DATED: 01-16-2024

Michael A. Campbell
Michael A. Campbell #99507509
Federal Correction Institution
P.O. Box 1500
El Reno, Oklahoma 73036

## CERTIFICATE OF SERVICE

I CERTIFY THAT ON 01-16-2024, I MAIL THIS DOCUMENT TO U.S. DIST. COURT CLERK @ 200 NW 4TH STREET, OKC., OKLA. 73102 (Rm. 1210);

AND TO

ALEXANDRA G. AH LOY, OBA#31210 & ZACH WILLIAMS -- HALL BOOTH SMITH, P.C. 6301 WATERFORD BLVD, Ste. 200, OKC, OKLA. 73118... Via U.S. POSTAGE SERVICE, POSTAGE PRE-PAID.

*Michael A. Campbell*
MICHAEL A. CAMPBELL