IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-22-399-R |
| | ) |
| WILLIAM MONDAY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Judge Erwin's Report and Recommendation [Doc. 82] in this matter. Plaintiff, Michael Campbell, objected to portions of the Report and Recommendation [Doc. 90]; Defendants did not file an objection. The Court now considers *de novo* the portions to which Plaintiff Campbell has objected. As to all other portions of the Report and Recommendation, the Court adopts Judge Erwin's recommendations, as described below.

Plaintiff Campbell alleges Defendants were deliberately indifferent to violations of his Constitutional rights and negligently attended to his medical needs while he was an inmate at the Oklahoma County Jail. Doc. 25. The Court previously adjudicated a motion to dismiss Campbell's claims filed by Defendants Turn Key Health, Winchester, Jackson, and Capehart, and it allowed several of Plaintiff's claims to proceed. *See* Doc. 71 at 11-12. Now, the Court addresses motions to dismiss filed by Defendants Oklahoma County Criminal Justice Authority, Williams, and Monday [Docs. 60, 61].

Judge Erwin analyzed Plaintiff's allegations and Defendants' arguments urging dismissal and made five distinct recommendations to this Court:

> (1) dismiss the official capacity claims against Defendants Monday and Williams as legally redundant and based on Plaintiff's wish to dismiss said claims; (2) quash the original service attempt on Defendants Monday and Williams in their individual capacity claims; (3) allow Mr. Campbell 30 days to effectuate proper service on Defendants Monday and Williams in their individual capacities or risk dismissal of the claims against these Defendants; (4) conclude that Plaintiff has stated a claim against the OCCJA under a theory of municipal liability for deliberate indifference to Plaintiff's serious medical needs in violation of the Fourteenth Amendment; and (5) make no finding on Plaintiff's state law negligence claims at this time.

Doc. 82: Report at 1-2. Plaintiff Campbell lodged objections against only Judge Erwin's second and third recommendations. Doc. 90. The Court addresses each of Judge Erwin's recommendations in turn.

First, Plaintiff sued Defendants Williams and Monday, both administrators with OCCJA, in their official and individual capacities; however, Plaintiff Campbell indicated he wishes to drop his official capacity claims in his Response to Defendants' Motion. Doc. 68 at 2 ("Moving forward, Plaintiff elect (sic) to drop his 'official capacity' claims against Defendants Williams and Monday."). The Court agrees with Judge Erwin that dismissal of these claims is proper both on this basis and because the claims against the administrators are legally redundant. Report at 4 ("[T]he results of suing individual defendants in their official capacities are the same as suing the county.") (citing *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010)). Additionally, Plaintiff did not object to this recommendation. Thus, the Court ADOPTS Judge Erwin's first recommendation and DISMISSES

WITHOUT PREJUDICE all claims against Defendants Williams and Monday in their official capacities.

Next, Judge Erwin determined Defendants Williams and Monday, in their individual capacities, were not properly served. Report at 13. Judge Erwin recommended this Court quash Plaintiff's original service attempt and provide Plaintiff additional time to serve Defendants. *Id.* Campbell objected, claiming he had complied with the statutory and due process requirements for valid service of process. Doc. 90 at 1. Campbell urges the Court to not dismiss his claims for insufficient service, and he notes he has recently attempted to serve Defendants by sending a summons to their attorney. *Id.*

The Court agrees that Plaintiff's attempt to serve Defendants in their individual capacities via Devin Resides, General Counsel at the Oklahoma County Detention Center, was ineffective. Plaintiff bears the burden of establishing service was valid, *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992), and Campbell has not met that burden. In Oklahoma, Campbell must serve the individual defendants in accordance with OKLA. STAT. tit. 12, § 2004. As such, Campbell must ensure a copy of the summons and Complaint are provided to Williams and Monday via delivery to their abode, delivery to one of their authorized agents, or delivery to an agreed upon meeting place. OKLA. STAT. tit. 12, § 2004(c)(1). In this instance, Campbell sent summons to a representative of the Oklahoma County Detention Center, whom is not an authorized agent of Defendants. Defendants were not personally served at their abode or an agreed upon meeting place either. Thus, Plaintiff's attempt at service did not comply with OKLA. STAT.

3

tit. 12, § 2004.[1] Accordingly, the Court quashes Defendant's previous service attempt via Devin Resides and provides Plaintiff Campbell **forty-five (45) days to properly serve** Defendants Williams and Monday. If Defendants are not validly served in that time, the Court will dismiss the claims against Williams and Monday unless Plaintiff Campbell demonstrates good cause to not do so.[2] FED. R. CIV. P. 4(m); *See Gray v. Ritter*, CIV-09-909, 2010 WL 4880890 at *2 (W.D. Okla. Oct. 8, 2010). Therefore, the Court ADOPTS Erwin's second and third recommendations over Plaintiff's objection and provides Plaintiff additional time to serve Defendants.

Finally, Judge Erwin determined Plaintiff properly stated a claim against OCCJA for a violation of his Fourteenth Amendment rights. Doc. 82 at 12. Defendants did not object to this recommendation. The Court ADOPTS Judge Erwin's fourth recommendation and DENIES Defendants' Motion to Dismiss with regard to Plaintiff's claim against OCCJA for deliberate indifference to his medical needs in violation of the Fourteenth Amendment.

In sum, Plaintiff's claims against Williams and Monday in their official capacities are DISMISSED, but his claim against OCCJA is allowed to proceed. Plaintiff's prior service attempt is quashed, and he is directed to effect valid service on Defendants Williams and Monday within forty-five days of this Order. Until proper service is effected,

---

[1] Indeed, Plaintiff's latest attempt at service addressed to Defendants' counsel, Carri Remillard, will likely fail for similar reasons as the previous summons did, as there is no indication Defendants have authorized their counsel to be an agent for service of process.

[2] Consequently, the Court ADOPTS Judge Erwin's fifth recommendation to refrain from addressing the merits of Plaintiff's state law negligence claims against Defendants Williams and Monday until they are properly served.

the Court does not address the merits of Plaintiff's negligence claims against Williams and Monday.

    **IT IS SO ORDERED** this 22nd day of April 2024.

                                                      /s/ David L. Russell
                                                      DAVID L. RUSSELL
                                                      UNITED STATES DISTRICT JUDGE