# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. CAMPBELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TURN KEY HEALTH; FNU ) <br> WINCHESTER, AMANDA LNU; ) <br> OTHELLA LNU; WILLIAM ) <br> MONDAY, GREG WILLIAMS; ) <br> OKLAHOMA COUNTY CRIMINAL ) <br> JUSTICE AUTHORITY; ) <br> ) <br> Defendants. ) | Case No. 5:22-cv-00399-R |

**DEFENDANTS TURN KEY HEALTH CLINICS, LLC; MARK WINCHESTER, MD; AMANDA JACKSON, CMA; AND OTHELLA CAPEHART, CMA'S RESPONSE TO PLAINTIFF'S MOTION TO MITIGATE DAMAGES [ECF DOC. 101]**

Defendants Turn Key Health Clinics, LLC; Mark Winchester, M.D., Amanda Jackson, C.M.A. and Othella Capehart, CMA submit this Response to Plaintiff's "Motion to Mitigate Damages" [Doc. 101] for the purpose of denying any and all allegations, stated or implied, that Defendants were deliberately indifferent toward Plaintiff's medical needs or in any way deviated from accepted medical standards of care. Additionally, Plaintiff has not sought leave with the Court to amend his First Amended Complaint filed on September 13, 2022. Thus, Plaintiff's Motion should be denied.

Plaintiff's Motion does not appear to be a motion to mitigate damages. Instead, it is an amendment to his claim for compensatory and punitive damages made in his First

Amended Complaint filed September 13, 2022. ECF Doc. 25. Though Appellants' pro se pleadings are construed liberally, they must follow the rules of federal civil and appellate procedure. *Windsor v. Colorado Dep't of Corr.*, 9 F. App'x 967, 969 (10th Cir. 2001). While the Court should freely give leave to amend when justice requires an amendment, Fed. R. Civ. P. 15(a), a plaintiff seeking to amend a complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999). "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009). Untimeliness in itself can be a sufficient reason to deny leave to amend, particularly when the movant provides no adequate explanation for the delay. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994). The Court may also deny a request to amend if would cause undue prejudice upon another party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, nearly two years after initially filing his complaint, Plaintiff has in essence filed a motion expanding or amending his arguments and claims for damages contained within his Complaint. Plaintiff does not provide the Court with a reason for the delay, or why he has not requested leave to amend his claims at this late stage. The Court has ruled on Defendants' Motions to Dismiss, and the case has progressed past the initial pleading stage. To allow Plaintiff to amend his case at this stage would force Defendants to repeat nearly two years of litigation, a costly and time consuming process that would result in

significant undue prejudice and hardship. For these reasons, Plaintiff's Motion should be denied.

          Respectfully submitted,

          *s/Zach Williams*
          Alexandra G. Ah Loy, OBA #31210
          Chance Holland, OBA #31089
          Zachary E. Williams, OBA #34050
          HALL BOOTH SMITH, P.C.
          6301 Waterford Blvd, Ste 200
          Oklahoma City, OK 73118
          Telephone: (405) 513-7111
          Facsimile: (405) 768-1414
          allieahloy@hallboothsmith.com
          cholland@hallboothsmith.com
          zwilliams@hallboothsmith.com

          *Attorneys for Defendants, Turn Key Health Clinics, LLC; Mark Winchester, M.D.; Amanda Jackson, CMA; and Othella Capehart, CMA*

## CERTIFICATE OF SERVICE

This is to certify that on the 6th day of June, 2024, I electronically transmitted the above document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Carri A. Remillard        carri.remillard@oklahomacounty.org

I also certify that I served the following, who is not a registered participant of the ECF System for filing, via first class mail postage prepaid:

Michael A. Campbell, #140067954
Oklahoma County Criminal Justice Center
201 N. Shartel
Oklahoma City, OK 73102

*s/ Zach Williams*
Zach Williams