IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. CIV-22-399-R |
| | ) |
| WILLIAM MONDAY, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

The Court addresses two Motions with this Order: Plaintiff's Motion to Mitigate Damages [Doc. 101] and Defendants' Motion to Quash [Doc. 103]. Parties have responded to each Motion [Docs. 108, 111]. The Court DENIES both Motions for the reasons set forth below.

The Court, like Defendants, construes Plaintiff's *pro se* Motion to Mitigate Damages as an attempt to amend his Complaint to specify damages he wishes to receive.[1] Because more than twenty-one days have passed since the Complaint was filed, Plaintiff may only amend it "with the opposing party's written consent or the court's leave" FED. R. CIV. P. 15(a)(2) "[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Calderon v. Kansas*

---

[1] Because Plaintiff filed this motion as a *pro se* litigant, the Court affords his materials a liberal construction, but it does not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

*Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180. 1186-87 (10th Cir. 1999). Plaintiff Campbell has provided no information as to why this proposed amendment is necessary or how it furthers the interest of justice. Thus, there is no justification for allowing the amendment. Plaintiff's *pro se* Motion to Mitigate Damages [Doc. 101] is DENIED.

Next, Defendants Williams and Monday move to quash Plaintiff's attempt at service of process. Plaintiff Campbell has now unsuccessfully attempted to serve these Defendants multiple times pursuant to FED. R. CIV. P. 4. However, Plaintiff is now represented by Counsel, who has moved the Court extend the deadline to properly serve Defendants under LCvR 7.1(h). Doc. 111. Plaintiff, through Counsel, suggests there is good cause to extend the deadline because Counsel is newly familiarized with the case, and the extension is in the interest of judicial economy. *Id.* The Court agrees. Plaintiff is directed to effect proper service on Defendants Williams and Monday **by July 26, 2024**. Defendants' Motion to Quash [Doc. 103] is DENIED.

**IT IS SO ORDERED** this 25th day of June.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE