**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHAEL A. CAMPBELL,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. CIV-22-399-R** |
| **OKLAHOMA COUNTY DETENTION CENTER, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court are the Reports and Recommendations of United States Magistrate Judge Shon T. Erwin entered on June 9, 2026 [Doc. Nos. 176, 177, 178]. No objections to these Reports have been filed nor have any extensions of time in which to object been sought or granted. Accordingly, Plaintiff has waived this Court's de novo review of the findings in the Reports. The three unobjected-to Reports are therefore ADOPTED in their entireties. Plaintiff's Motion for Summary Judgment [Doc. No. 154] is DENIED. The Motion for Summary Judgment [Doc. No. 156] filed by Defendants Turn Key Health Clinics, LLC, Mark Winchester, Amanda Jackson, and Othello Capeheart is GRANTED. The Motion for Summary Judgment [Doc. No. 159] filed by Defendant Oklahoma County Criminal Justice Authority is GRANTED.

Also before the Court is Judge Erwin's Report and Recommendation [Doc. No. 179] in which he recommends granting the Motion for Summary Judgment [Doc. No. 160] filed by Defendants Greg Williams and William Monday. Plaintiff has filed an Objection [Doc. No. 184].

"'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Plaintiff proceeds *pro se*, the Court will construe his allegations and objections liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

Plaintiff asserts Defendants Williams and Monday, as administrators of the Oklahoma County Detention Center, were deliberately indifferent to Plaintiff's serious medical needs. Judge Erwin, characterizing Plaintiff's claims against Williams and Monday as being asserted against them based on their supervisory responsibilities,[1] found Plaintiff failed to present any competent, non-conclusory evidence that Williams and/or Monday were involved in decisions related to his medical care or that they knew his medical care was constitutionally inadequate but refrained from taking action.

[1] Plaintiff does not appear to object to Judge Erwin's characterization of his claims.

One of Plaintiff's objections states that Turn Key Certified Medication Aid Othello Capehart admitted jail policy prevented him from delivering pain medication to Plaintiff while he was in bed. *See* Capehart Decl., Doc. No. 156-8, ¶ 33. Plaintiff appears to argue Capehart's statement is evidence of Williams's and Monday's personal involvement in violations of Plaintiff's constitutional rights by virtue of their positions as supervisors of the jail and promulgators jail policy.

> "'[I]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation'" but "[p]ersonal involvement is not limited solely to situations where a defendant violates a plaintiff's rights by physically placing hands on him." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)). . . .
>
> [T]o impose § 1983 liability the plaintiff first ha[s] to establish "the supervisor's subordinates violated the [C]onstitution." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotations omitted). Then, the plaintiff must demonstrate "an 'affirmative link' between the supervisor and the violation. . . ." *Id.* Over time, this "affirmative link" requirement came to have three related prongs: (1) personal involvement, (2) sufficient causal connection, and (3) culpable state of mind.
>
> A plaintiff could establish the defendant-supervisor's personal involvement by demonstrating his "'personal participation, his exercise of control or direction, or his failure to supervise,'" *Poolaw v. Marcantel*, 565 F.3d 721, 732 (10th Cir. 2009) (quoting *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)), or his "knowledge of the violation and acquiesce[nce] in its continuance." *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996). *A defendant supervisor's promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights also could have constituted sufficient personal involvement. See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) . . . .

*Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (emphasis added) (citations modified and omitted). Liberally construed, Plaintiff appears to be arguing Defendants Williams and Monday were personally involved in the constitutional violations Plaintiff

claims to have suffered because Defendants, as supervisors, promulgated, created, implemented, or utilized an unconstitutional policy that led to a deprivation of Plaintiff's right to adequate medical care.[2]

But even assuming Defendants were personally involved by virtue of promulgating an unconstitutional policy, Plaintiff has failed to clear the first hurdle needed to even reach the personal involvement inquiry: establishing the supervisor's subordinates violated Plaintiff's constitutional rights. In another, unobjected-to Report [Doc. No. 177], Judge Erwin recommended summary judgment be entered in favor of the medical defendants (Turn Key, Capeheart, and others) because "occasional missed doses of medication also do not satisfy the subjective component of a deliberate indifference claim. . . . [T]he factual record demonstrates that Defendants responded appropriately to Plaintiff's health concerns. Plaintiff's unsupported complaints related to the medical care he received do not amount to constitutional violations." Doc. No. 177, at p. 10. Plaintiff did not object to Judge Erwin's Report on this matter, thus waiving this Court's de novo review of the issue, and this Court adopted Judge Erwin's findings above.

"[A] supervisor cannot be liable if the subordinate did not commit a violation." *Marin v. King*, 720 F. App'x 923, 942 (10th Cir. 2018) (citing *Schneider v. City of Grand*

[2] Judge Erwin ultimately found Defendants did not *personally participate* in any violations of Plaintiff's rights by virtue of denying his complaints. *See Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007) (unpublished) ("[D]enial of the grievances alone is insufficient to establish personal participation."). Also related to these grievances/complaints, Judge Erwin found Plaintiff failed to present competent evidence that Defendants knew his medical care was inadequate yet failed to act. Plaintiff does not appear to object to these findings, and the Court will accordingly focus on the theories of involvement Plaintiff appears to rely upon in his Objection.

*Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013)). Accordingly, Plaintiff's theory of supervisory liability against Williams and Monday fails because Plaintiff has not demonstrated any underlying constitutional violation by Williams's and Monday's subordinates. *See Est. of George v. City of Rifle*, 85 F.4th 1300, 1321 (10th Cir. 2023) (because the court found no constitutional violation by a subordinate, plaintiff's "supervisory liability claim against [the subordinate's supervisor] necessarily lacks merit . . . because, without an underlying constitutional violation, a claim of supervisory liability is fatally infirm"). Moreover, because Plaintiff has failed to demonstrate any of Defendants' subordinates violated his constitutional rights, he has failed to establish the "causation" element required to show an affirmative link between the supervisors and the alleged violation.

Plaintiff's only other objection perfunctorily states that the Report improperly interpreted the matter as if it involved only a three-month time period, when in reality, Plaintiff was under Turn Key's care for about three years. Yet Plaintiff does not appear to dispute that he was only detained at the OCDC from February 15, 2022, and May 27, 2022. *See* Doc. No. 160 ¶ 1; Pl.'s Resp., Doc. Nos. 168, 174. In any event, Plaintiff has not demonstrated how Williams and Monday could be liable for actions taken by subordinates in county jails over which they have no supervisory authority.[3] And to the extent Plaintiff

---

[3] To the extent Plaintiff intended to lodge this Objection against Judge Erwin's recommendation that summary judgment be entered in Turn Key's favor, the Court notes that Judge Erwin considered Plaintiff's allegations related to his incarceration at other jails served by Turn Key. *See* Doc. No. 177, at p. 12 (quoting *Finch v. Rapp*, 38 F.4th 1234, 1245 (10th Cir. 2022)) ("Plaintiff has presented no competent evidence of any systemic failure by Turn Key to provide health care at OCDC, nor has he shown any genuine issue

relies on incidents at other jails served by Turn Key to argue Williams and Monday knew Turn Key committed constitutional violations and acquiesced in their continuance, this argument fails for the same reason Plaintiff's policy-promulgation theory does: because Plaintiff failed to establish an underlying constitutional violation related to his medical care at the OCDC, his knowledge-and-acquiescence theory of supervisory liability is nonviable. Even if Williams and Monday had knowledge of past violations of Plaintiff's rights, the Court is hard pressed to see how the Defendants could have "acquiesced" to the continuance of any such violations given that Judge Erwin found no violations even occurred at the OCDC. Furthermore, Plaintiff has not established how Williams's and Monday's conduct could have *caused* constitutional violations in jails over which they have no authority. And finally, as this Court has already noted, Judge Erwin found Plaintiff had not shown a common theme or pattern of deficient medical care across his stays at other Turn Key-served facilities sufficient to survive summary judgment—and Plaintiff did not object to this finding. In the absence of any persuasive argument or authority to the contrary or a more specific objection, the Court finds Plaintiff's other objection unpersuasive.

Without (1) an underlying constitutional violation (2) that was caused by the Defendants' personal involvement, Plaintiff's claims against Defendants Williams and Monday in their supervisory capacities necessarily fail. Furthermore, by failing to

---

of material fact concerning the constitutional sufficiency of his own medical care. To the extent Plaintiff relies on medical care he received at other jails through Turn Key, he has not shown 'a common theme or pattern' sufficient to survive summary judgment."). Accordingly, Plaintiff's assertion that Judge Erwin improperly kept his focus only to the three months during which Plaintiff was at the OCDC lacks merit.

specifically object to any other portion of the Report, Plaintiff has waived this Court's de novo review of the issues discussed therein. Accordingly, Judge Erwin's Report and Recommendation [Doc. No. 179] is ADOPTED in its entirety. The Motion for Summary Judgment [Doc. No. 160] filed by Defendants Williams and Monday is GRANTED.

IT IS SO ORDERED this 7th day of August, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**