**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHAEL A. CAMPBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-399-R** |
| | ) | |
| **OKLAHOMA COUNTY DETENTION CENTER, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Plaintiff, Mr. Michael Campbell, asks the Court to appoint him an attorney and permit him to proceed *in forma pauperis* on appeal. [Doc. Nos. 193; 194]. The Court DENIES both motions.

Although the Court has the authority to appoint him an attorney, 28 U.S.C. § 1915(e)(1), neither the Constitution nor any statute affords Mr. Campbell the right to an appointed attorney in a civil case, *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). Instead, the Court considers the following when determining whether to appoint counsel:

- "the merits of [Mr. Campbell's] claims";
- "the nature of the factual issues [Mr. Campbell] raise[s] in the claims";
- "[Mr. Campbell's] ability to present his claims"; and
- "the complexity of the legal issues raised by [his] claims."

*Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Mr. Campbell's appeal concerns the Court's grant of summary judgment to Defendants Greg Williams and William Monday. [Doc. No. 186].[1] Mr. Campbell contends that Mr. Williams and Mr. Monday are liable as supervisors for their deliberate indifference to his serious medical needs, which caused him harm. Doc. No. 186 at 3. But to hold them liable, Mr. Campbell first needs to show that their employees were deliberately indifferent to him and that the employees' indifference caused him harm. Doc. No. 186 at 4; *see* 42 U.S.C. § 1983; *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). But Mr. Campbell has waived any argument contesting the Court's factual findings regarding the employees' conduct because he failed to object to the Report and Recommendation for those defendants. Doc. No. 186 at 4.

As a result, the Tenth Circuit may very well decline to reach the merits of Mr. Campbell's appeal based on this "firm waiver." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The factual issues are likely immutable for the same reason, rendering the issues relatively simple. Finally, based on Mr. Campbell's motion practice in this Court, he appears to be at least somewhat more legally sophisticated than the average pro se litigant. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Therefore, the Court concludes that each factor cuts against appointing counsel.

---

[1] Mr. Campbell's IFP motion doesn't specify the precise issues on appeal. Doc. No. 194 ("Deliberate indifference to my pain and serious medical needs."). But his appeal only concerns his claims against Mr. Williams and Mr. Monday because, as to the other Defendants, Mr. Campbell waived any appeal of this Courts decision to grant their motions for summary judgment. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

To appeal without prepayment of fees, and proceed *in forma pauperis*, Mr. Campbell must show that

- he cannot afford to pay the necessary fees and
- he has a good-faith basis to appeal.

§ 1915(a)(2–3).

Mr. Campbell can show he's unable to pay the fees by describing his financial status on the relevant form, "claim[ing] an entitlement to redress, and stat[ing] the issues that [he] intends to present on appeal." Fed. R. App. P. 24(a)(1). While he's followed the rules, Mr. Campbell seems financially capable because:

- He's previously paid the filing fee in this Court, [Doc. Nos. 12; 29].
- His average monthly trust account balance exceeds $500, Doc. No. 194 at 11; and
- He says he can pay $100 a month, if necessary, Doc. No. 194 at 9.

The Court finds that Mr. Campbell can afford to pay the fees.

But even if he couldn't, good faith requires Mr. Campbell to show a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). As stated above, Mr. Campbell's failure to object to the R&Rs that include factual findings, the disruption of which is likely necessary to his success on appeal, firmly waives many of his arguments to the Tenth Circuit. This means that Mr. Campbell likely lacks a nonfrivolous argument, so the Court declines to exercise its discretion to grant IFP status on appeal. *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (unpublished).

Accordingly, the Court DENIES both motions. Doc. Nos. 193; 194.

IT IS SO ORDERED this 13th day of October, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE